IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.A.P.S. INC., a Missouri Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | **Jury Trial Demanded** |
| ALDI, INC., an Illinois Corporation, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

COMES NOW Plaintiff C.A.P.S. Inc., by and through its attorneys, and alleges as its complaint against Defendant ALDI Inc.:

**THE PARTIES**

1. Plaintiff C.A.P.S. Inc. ("**CAPS**") is a Missouri corporation with a principal place of business at 13080 Hollenberg Drive, Bridgeton, Missouri 63044. CAPS manufactures and sells plastic injection-molded articles, including but not limited to closures for products such as herbs and spices to sprinkle on foods.

2. Defendant ALDI Inc. ("**ALDI**") is an Illinois corporation with a principal place of business at 1200 North Kirk Road, Batavia, IL 60510.

3. On information and belief, ALDI has infringed CAPS's Patent Rights, as alleged below, by having made for it, using, and importing closures which closures are within the scope of the claims of the Kick Patents, and by offering to sell, and/or selling these closures in combination with containers as food products, including herbs and spices.

1

4. Upon information and belief, ALDI has regular and established places of business in this District, does business in this District, and operates multiple grocery and supplies stores in this District.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code — including but not limited to 35 U.S.C. § 271 and § 281.

6. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 and § 1338(a) as Plaintiff alleges substantial claims arising under the Patent Act of 1952 (Title 35 of the United States Code).

7. Venue is proper in this Court under 28 U.S.C. § 1400(b) because ALDI (a) has committed acts of infringement here and (b) has regular and established places of business here.

## PATENTS IN SUIT

8. CAPS is the owner, by virtue of assignment, of the entire right, title, and interest in and to the following two United States Letters Patents:

   a. United States Letters Patent No. 7,819,267 entitled "FLIP TOP CLOSURE FOR DISPENSING FLUENT PRODUCT", granted October 26, 2010, with named inventor James Kick ("**Kick '267 Patent**"). A copy of the Kick '267 Patent is attached as **Exhibit 1**.

   b. United States Letters Patent No. 8,297,457 entitled "FLIP TOP CLOSURE FOR DISPENSING FLUENT PRODUCT", granted October 30, 2012, with named inventor James Kick (hereinafter referred to as the "**Kick '457 Patent**"). A copy of the Kick '457 Patent is attached as **Exhibit 2**.

      c.    The Kick '267 and Kick '457 Patent are collectively referred to as the "**Kick Patents**."

9. CAPS owned — and still owns — the Kick Patents throughout the period of ALDI's infringing acts.

10. On December 3, 2024, CAPS sent the attached **Exhibit 3** letter and its enclosures to ALDI's General Counsel ("**Notice Letter**"). The Notice Letter stated:

> C.A.P.S. is the owner of United States Patents Nos. 7,819,267 and 8,297,457, copies of which are enclosed with this letter. It has come to the attention of C.A.P.S. that Aldi is selling in the United States products that are the combination of a container with a closure, which closures are within the scope of claims of each of U.S. Patent Nos. 7,819,267 and 8,297,457. Photographs of an example of such products are enclosed with this letter.

11. The referenced photographs of Aldi's infringement enclosed with the Exhibit 3 letter are attached as **Exhibits 4–10**.

12. ALDI received the Notice Letter and its enclosures on December 9, 2024, per the certified mail receipt attached **Exhibit 11** and the Proof of Acceptance attached as **Exhibit 12.** The certified-mail envelope enclosing the Notice Letter and its enclosures is attached as **Exhibit 13**.

13. The infringing products shown in Exhibits 4–10 were purchased at ALDI Store #30 in St. Charles, Missouri, per the receipt attached as **Exhibit 14**. This ALDI store is located within this District.

14. ALDI initially did not respond to the Notice Letter. But, after CAPS's counsel followed up by email, ALDI through its inhouse attorney Mark Goldich acknowledged receipt of the Notice Letter on January 28, 2025. This email exchange is attached as **Exhibit 15**. ALDI identified the supplier of the infringing products as Savory Seasoning.

15. As of March 9, 2025, ALDI was still selling the infringing products, per a receipt from ALDI Store # 7 in Lake St. Louis, Missouri (also within this District) attached as **Exhibit 16.**

16. On May 14, 2025, CAPS's counsel followed up with ALDI. Again, counsel explained that ALDI was still selling the infringing products; counsel also explained that CAPS was unable to reach a resolution with the supplier, Savory Seasonings. This email chain is attached as **Exhibit 17**.

17. On information and belief, ALDI had purchased millions of units of infringing products from Savory Seasoning. ALDI was then selling those infringing products to the public as of at least March 2025, despite notice of the infringing products in December 2024.

18. The enclosures on these infringing products were covered by the Kick Patents' claims, so sales of those products were infringements of the Kick Patents.

19. CAPS heard from a representative of the supplier, Earnest Barbella of Savory Seasonings, **in February 2025**, that the supplier had an "alternate cap" and that Aldi had "directed [Savory Seasonings] to switch immediately to the new cap." See this email exchanged attached as **Exhibit 18**. Thus, at least as early as February 14, 2025, ALDI had essentially admitted that it was infringing the Kick Patents because it had instructed its supplier to stop using the infringing products. But, as explained above (see Exhibits 16 and 17), ALDI was still selling the infringing products as of at least March 9, 2025.

20. Despite ALDI's notice in December 2024 and concession of infringement in February 2025, ALDI's sales continued. **Exhibit 19** is another receipt reflecting the purchase of infringing products covered by the Kick Patents' claims on June 3, 2025, at ALDI Store #007

4

having an address in this District at 464 Hawk Ridge Trail, Lake St. Louis, MO. Photographs of those products are attached hereto as **Exhibit 20**, positioned atop the receipt.

21. Yet more infringing sales occurred. **Exhibit 21** is a receipt reflecting the purchase of infringing products on August 19, 2025, at ALDI Store # 080, also located in this District, in St. Louis County. Nine different products in this sale infringed the Kick Patents. Photographs of these products are attached as **Exhibit 22, 23 and 24.** These infringing products purchased in August 2025 include the same configuration as ALDI had sold in November 2024.

22. Thus, since being put on notice that it was selling infringing products within the scope of the Kick Patents' claims, ALDI continued to sell such products in the District for many months thereafter.

23. In view of such continued sales, upon information and belief, ALDI has sold many millions of units of infringing products.

24. CAPS has placed notice of the Letters Patent No. 7,819,267 on closures that embody the patented invention that it manufactures and sells for years — and long before the acts complained of herein.

**COUNT I — INFRINGEMENT OF U.S. PATENT 7,819,267**

25. All prior allegations are incorporated by reference into this count.

26. ALDI has infringed and/or induced the infringement of, and/or has contributorily infringed, the Kick '267 Patent in this District and elsewhere in the United States, all in violation of 35 U.S.C § 271.

27. ALDI will continue to infringe the Kick '267 Patent unless enjoined from doing so.

28. To illustrate the infringement of at least one claim of the Kick '267 Patent, CAPS displays the below chart of the correlation of the language of Claim 72 of the Kick '267 Patent to

5

the attached **Exhibit 25** and **Exhibit 26** photographs of the infringing ALDI enclosures. Exhibit 25 illustrates the closures (1) only, while Exhibit 26 illustrates both the closures (1) and containers (3):

**Claim Chart Showing Application of Claim 72 of**
**U.S. Patent Nos. 7,819,267 to Aldi Product**

| **Claim 72 Language** | **Correlation of Claim Language to Aldi Product. Numbers Correspond to Numerals Used in Patent No. 7,819,267.** |
|---|---|
| Claim 72. A closure 1 for a container 3, the container 3 having a neck 5 and a mouth 7 at an upper end of said neck 5, said closure 1 comprising: | ALDI Closure: The ALDI closure 1 of the photograph is constructed to be mounted on a neck of a container. The container is not shown. |
| a downwardly depending skirt 15 having an upper end and a bottom end and a periphery defining a perimeter of the closure 1 for sealable connection to the mouth 7 of said container 3, | The ALDI closure 1 has a downwardly depending skirt 15 having an upper end, a bottom end and a periphery defining a perimeter of the closure 1 for connection to a mouth of a container. |
| an end wall 19 having a top planar surface coupled to and extending diametrically across the upper end of said skirt 15 and about a substantial portion of the periphery for closing the upper end of said skirt 15 and the mouth 7 of said container 3 when said closure 1 is applied to said container 3, said end wall 19 having an area defined within the upper end of the skirt 15 defining one or more openings 21 therethrough for the dispensing of a product contained within said container 3, | The ALDI closure 1 of the photograph has an end wall 19 with a top planer surface coupled to and extending diametrically across the upper end of the skirt 15 and about a substantial portion of the periphery of the skirt 15 for closing the upper end of the skirt 15 and the mouth of a container when the closure 1 is applied to the container. The end wall 19 has an area defined within the upper end of the skirt 15 and has one or more openings 21 through the end wall 19 for the dispensing of product contained within the container. |

6

| **Claim 72 Language** | **Correlation of Claim Language to Aldi Product. Numbers Correspond to Numerals Used in Patent No. 7,819,267.** |
|---|---|
| a flip-open lid 23 hingedly connected by a hinge 25 to a side of the skirt 15 about the perimeter of said closure 1 for movement of said lid 23 relative to said end wall 19 between a closed position in which said lid 23 overlies and closes said one or more openings 21 in said end wall 19 and an open position in which said lid 23 is clear of said one or more openings 21 for permitting the dispensing of said product, the lid 23 having two side edges 39a, 39b and an outer edge 27 defining a portion of a periphery of the lid 23 and a top lid surface, each side edge 39a, 39b having a proximal end adjacent a different side of the hinge 25 on the skirt 15 and angling outwardly from the hinge 25 at increasing distances from the opposing side edge to a distal end defining a different end of the outer edge 27, and | The ALDI closure 1 of the photograph has a flip-open lid 23 connected by a hinge 25 to the skirt 15 that extends around the perimeter of the closure 1 for movement of the lid 23 relative to the end wall 19 between a closed position in which the lid 23 overlies and closes the one or more openings 21 in the end wall 19 and an open position in which the lid 23 is clear of the one or more openings 21 for permitting the dispensing of the product. The lid 23 has two side edges 39a, 39b and an outer edge 27 defining a portion of a periphery of the lid 23 and a top surface. Each side edge 39a, 39b has a proximal end adjacent a different side of the hinge 25 on the skirt 15 and angling outwardly from the hinge 25 at increasing distances from the opposing side edge to a distal end defining a different end of the outer edge 27. |
| a snap lock 29 for retaining said lid 23 in its closed position, | A snap lock 29 retains the lid 23 in its closed position. |
| wherein said end wall 19 having shoulders 31a, 31b integrally formed with said end wall 19 and said skirt 15 proximate the upper end of said skirt 15 on opposite sides of said lid hinge 25, each shoulder 31a, 31b having a substantial portion formed as an upward extension of the skirt 15 and an insubstantial portion located above the end wall 19 free of the skirt 15, said shoulders 31a, 31b extending upwardly from the top planar surface of the end wall 19 and proximate to and spaced upwardly from a portion of a periphery of the end wall 19 with each shoulder 31a, 31b having a proximal end 33 adjacent one side of the hinge 25 and an inner side edge 37a, 37b angling outwardly away from the hinge 25 and corresponding to the angle of the side edges 39a, 39b of the lid 23, | The photograph shows the end wall 19 of the ALDI closure 1 having shoulders 31a, 31b integrally formed with the end wall 19 and the skirt 15 proximate the upper end of the skirt 15 and on opposite sides of the lid hinge 25. Each shoulder 31a, 31b has a substantial portion formed as an upward extension of the skirt 15 and an insubstantial portion located above the end wall 19 free of the skirt 15. The shoulders 31a, 31b extend upwardly from the top planar surface of the end wall 19 and proximate to and spaced upwardly from a portion of a periphery of the end wall 19 with each shoulder 31a, 31b having a proximal end 33 adjacent one side of the hinge 25 and an inner side edge 37a, 37b angling outwardly away from the hinge 25 and corresponding to the angle of the side edges 39a, 39b of the lid |

| Claim 72 Language | Correlation of Claim Language to Aldi Product. Numbers Correspond to Numerals Used in Patent No. 7,819,267. |
|---|---|
| a distal end 35 at about the periphery of the skirt 15, the inner edge 37a, 37b defined between the proximal end 33 and the distal end 35, a peripheral surface extending upward from the periphery and spaced upwardly from the upper end of the skirt 15 and extending upwardly from the top planar surface of the end wall 19 defining a top shoulder surface that is substantially flush with the top lid surface when the lid 23 is in the closed position, wherein the end wall 19 has a substantially planar top surface throughout the area of the end wall 19 in regions free of the shoulders 31a,31b , wherein the snap lock 29 includes a downwardly projecting lip from the outer edge 27 of the lid 23, and wherein the upper end of the skirt 15 defines a receptacle extending between the distal ends 35 of the shoulder 31a, 31b and configured for receiving the downwardly projection lip of the outer edge 27 of the lid 23 when the lid is in the closed position. | 23, a distal end 35 at about the periphery of the skirt 15, the inner edges 37a, 37b defined between the proximal end 33 and the distal end 35, a peripheral surface extending upward from the periphery and spaced upwardly from the upper end of the skirt 15 and extending upwardly from the top planar surface of the end wall 19 defining a top shoulder surface that is substantially flush with the top lid surface when the lid 23 is in the closed position, wherein the end wall 19 has a substantially planar top surface throughout the area of the end wall 19 in regions free of the shoulders 31a, 31b, wherein the snap lock 29 includes a downwardly projecting lip from the outer edge 27 of the lid 23, and wherein the upper end of the skirt 15 defines a receptacle extending between the distal ends 35 of the shoulder 31a, 31b and is configured for receiving the downwardly projecting lip of the outer edge 27 of the lid 23 when the lid is in the closed position. |

29. The infringement by ALDI has been willful and deliberate.

30. CAPS has been damaged as a result of ALDI's infringing activities and will continue to be damaged and irreparably harmed unless this Court enjoins such activities.

WHEREFORE, CAPS prays regarding the Kick '267 Patent:

    a. That ALDI (including its parent and/or subsidiary company(s), officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privy or acting in concert with ALDI) be preliminarily and permanently enjoined and restrained from infringing, inducing infringement, and/or contributing to the infringement of the Kick '267 Patent in accordance with 35 U.S.C. § 283;

8

    b. That this Court enter judgment against ALDI for damages resulting from Defendant's infringement, inducement of infringement, and/or contributory infringement of the Kick '267 Patent, and that these damages be trebled under 35 U.S.C. § 284;

    c. That this Court award Plaintiff its reasonable attorneys' fees as an exceptional case under 35 U.S.C. § 285;

    d. That this Court award Plaintiff interest and costs under 35 U.S.C. §284; and

    e. That the Court order any further relief deemed just and proper.

### COUNT II — INFRINGEMENT OF U.S. PATENT 8,297,457

31. All prior allegations are incorporated by reference into this count.

32. ALDI has infringed, and/or induced the infringement of, and/or has contributorily infringed, the Kick '457 Patent in this District and elsewhere in the United States, all in violation of 35 U.S.C § 271

33. ALDI will continue to infringe the Kick '457 Patent unless enjoined from doing so.

34. To illustrate the infringement of at least one claim of the Kick '457 Patent, CAPS displays the chart below of the correlation of the language of Claim 11 of the Kick '457 Patent to the attached Exhibit 25 and 26 photographs of ALDI enclosures alleged to be infringed as aforesaid:

**Claim Chart Showing Application of Claim 11 of**
**U.S. Patent Nos. 8,297,457 to Aldi Product**

| Claim 11 Language | Correlation of Claim Language to Aldi Product. Numbers Correspond to Numerals Used in Patent No. 8,297,457. |
|---|---|
| Claim 11. A closure 1 for a container 3, the container 3 having a neck 5 and a mouth 7 at an end of the neck 5, the closure 1 comprising: | ALDI Closure: The photograph shows the ALDI closure 1 that is constructed to be mounted on a neck of a container. The container is not shown. |
| a downwardly depending skirt 15 for sealable connection to the mouth 7 of the container 3, the skirt 15 having an upper edge, a lower edge, an inner surface and an outer surface defining a periphery of the skirt 15 and a perimeter of the closure 1; | The ALDI closure 1 of the photograph has a downwardly depending skirt 15 that is connectable to a mouth of a container. The skirt 15 has an upper edge, a lower edge, an inner surface and an outer surface defining a periphery of the skirt 15 and a perimeter of the closure 1. |
| an end wall 19 coupled at an upper edge of the skirt 15 and extending diametrically across the upper edge of the skirt 15 for closing the skirt and for closing the container 3 when the closure 1 is applied to the container, the end wall 19 having a top surface extending about a substantial portion of the periphery, an area defined by the upper edge of the skirt 15 and an opening 21 therethrough for the dispensing of a product contained within the container; | The photograph shows the ALDI closure 1 having an end wall 19 at an upper edge of the skirt 15. The end wall 19 extends diametrically across the upper edge of the skirt 15 for closing the container when the closure 1 is applied to the container. The end wall 19 has a top surface extending around a substantial portion of the skirt periphery and an area defined by the upper edge of the skirt 15 and an opening 21 through the end wall 19 for dispensing product within the container. |
| a flip-open lid 23 configured for moving over the end wall 19 between an open position for exposing the opening 21 and a closed position for closing the opening, the lid 23 having a snap lock 29 for selectively securing the lid 23 in the closed position, the lid 23 having two linear side edges 39a,39b | The ALDI closure 1 of the photograph has a flip-open lid 23 configured for moving over the end wall 19 between an open position exposing the opening 21 and a closed position closing the opening 21. The lid 23 has a snap lock 29 that secures the lid 23 in the closed position. The lid 23 has two linear side edges |

| **Claim 11 Language** | **Correlation of Claim Language to Aldi Product. Numbers Correspond to Numerals Used in Patent No. 8,297,457.** |
|---|---|
| outwardly angled at increasing distances apart from each other from a proximal end and a distal end, and a semi-circular outer edge 27 defined between the distal ends of the two side edges 39a,39b and a top lid surface 41; | 39a, 39b that are outwardly angled at increasing distances apart from each other from a proximal end to a distal end, and a semicircular outer edge 27 between the distal ends of the two side edges 39a, 39b. |
| a hinge 25 integrally formed with the lid 23 and a side of the skirt 15 and configured for hingedly connecting the flip-open lid 23 for the movement of the lid 23 relative to the end wall 19 between the closed position in which the lid 23 closes the opening 21 in the end wall 19 and the open position in which the lid 23 is clear of the opening 21 for permitting the dispensing of the product through the opening 21, wherein each proximal end of the two side edges 39a,39b of the lid 23 are proximate to a different side of the hinge 25; and | The photograph shows the ALDI closure 1 having a hinge 25 integrally formed with the lid 23 and a side of the skirt 15. The hinge 25 is configured to connect the flip-open lid 23 for movement relative to the end wall 19 between the closed position in which the lid 23 closes the opening 21 in the end wall 19 and the open position in which the lid 23 is clear of the opening 21 permitting dispensing of product through the opening 21, wherein each proximal end of the two side edges 39a, 39b of the lid 23 are proximate to a different side of the hinge 25. |
| a pair of shoulders 31a,31b integrally formed with the end wall 19 and the skirt 15, each shoulder 31a,31b extending upwardly from the end wall 19 and spaced upwardly from the upper edge of the skirt 15, each shoulder 31a,31b being symmetrically positioned on opposing sides of the hinge 25 in a position that angles outwardly from the hinge 25 at the same angle as one of the side edges 39a,39b of the lid 23 , the shoulders 31a,31b having a top surface and having inner linear edges 37a,37b configured for receiving the side edges 39a, 39b of the lid 23 between the two shoulders 31a,31b when the lid 23 is in the closed position, wherein the lid 23 is | The photograph shows the ALDI closure 1 having a pair of shoulders 31a, 31b integrally formed with the end wall 19 and the skirt 15, each shoulder 31a, 31b extending upwardly from the end wall 19 and spaced upwardly from the upper edge of the skirt 15, each shoulder 31a, 31b being symmetrically positioned on opposing sides of the hinge 25 in a position that angles outwardly from the hinge 25 at the same angle as one of the side edges 39a, 39b of the lid 23. The shoulders 31a, 31b have top surfaces having inner linear edges 37a, 37b configured for receiving the side edges 39a, 39b of the lid 23 between the two shoulders 31a, 31b when the lid 23 is in |

| **Claim 11 Language** | **Correlation of Claim Language to Aldi Product. Numbers Correspond to Numerals Used in Patent No. 8,297,457.** |
|---|---|
| dimensioned to substantially overlay the area of the end wall 19 free of the shoulders 31a,31b and the upper edge of the skirt free of the shoulders 31a,31b , wherein a thickness of the end wall 19 containing the shoulders 31a,31b is substantially greater than a thickness of the end wall 19 free of the shoulders 31a,31b. | the closed position. The lid 23 is dimensioned to substantially overlay the area of the end wall 19 free of the shoulders 31a, 31b and the upper edge of the skirt 15 free of the shoulders 31a, 31b wherein a thickness of the end wall 19 containing the shoulders 31a, 31b is substantially greater than a thickness of the end wall 19 free of the shoulders 31a, 31b. |

35. The infringement by ALDI has been willful and deliberate.

36. CAPS has been damaged as a result of ALDI's infringing activities and will continue to be damaged and irreparably harmed unless this Court enjoins such activities.

WHEREFORE, CAPS prays regarding the Kick '457 Patent:

a. That ALDI (including its parent and/or subsidiary company(s), officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privy or acting in concert with ALDI) be preliminarily and permanently enjoined and restrained from infringing, inducing infringement, and/or contributing to the infringement of the Kick '457 Patent in accordance with 35 U.S.C. § 283;

b. That this Court enter judgment against ALDI for damages resulting from Defendant's infringement, inducement of infringement, and/or contributory infringement of the Kick '267 Patent and that these damages be trebled under 35 U.S.C. § 284;

    c. That this Court award Plaintiff its reasonable attorneys' fees as an exceptional case under 35 U.S.C. § 285;

    d. That this Court award Plaintiff interest and costs under 35 U.S.C. § 284; and

    e. That the Court order any further relief deemed just and proper.

## JURY TRIAL DEMAND

CAPS hereby demands a jury trial.

SANDBERG PHOENIX & von GONTARD, P.C.

By:     /s/ McPherson D. Moore
McPherson D. Moore, MO Bar #26056
120 S. Central Ave., Suite 1600
St. Louis, Missouri 63105
E-mail: mmoore@sandbergphoenix.com

Zachary S. Merkle, MO Bar #68258
701 Market Street, Suite 600
St. Louis, MO 63101
E-mail: zmerkle@sandbergphoenix.com
Phone: (314) 725-9100
Fax: (314) 725-5754

**Attorneys for Plaintiff**