**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

C.A.P.S. INC.,

    *Plaintiff,*

v.

                              No. 4:25-cv-1538-MAL

ALDI, INC., *et al*.,

    *Defendants.*

**CASE MANAGEMENT ORDER - TRACK 3: COMPLEX**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, and the Rule 16 Conference held on **July 23, 2026**.

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

1.    This case has been assigned to Track 3 (Complex).

2.    All motions for joinder of additional parties or amendment of pleadings shall be filed no later than **September 15, 2026**, subject to the local patent rules on claim construction.

3.    Disclosure shall proceed in the following manner:

    (i)  Parties shall disclose information and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1) no later than **August 6, 2026**.

    (ii) Following the Court's Claim Construction Ruling, the parties shall conduct discovery relating to infringement, invalidity, damages, and all remaining

merits issues.

(iii) Dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition:

    i.  Each party shall disclose all expert witnesses and provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., concerning issues on which that party bears the burden of proof no later than **thirty (30) days after Fact Discovery Close**.

    ii.  Each party shall disclose any expert witnesses who will testify in rebuttal or reply to another party's expert, or concerning issues on which another party bears the burden of proof, and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **sixty (60) days after Fact Discovery Close**.

    iii.  Each party shall make its disclosed expert witnesses available for deposition, and all expert depositions shall be completed no later than **ninety (90) days after the Court issues its Claim Construction Ruling**. Each party may take one deposition, not exceeding seven (7) hours, of each opposing expert. Time spent on any prior deposition of an expert who was also identified to provide evidence in connection with claim construction shall not count toward this limitation.

(iv) Each party will be allowed to take ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories.

(v)  Discovery shall be completed as follows:

    i.  All fact discovery shall be completed within **6 months following the Court's Claim Construction Ruling** ("Fact Discovery Close");

    ii.  All expert discovery shall be completed within **120 days following Fact Discovery Close**.

4.  This case shall be referred to alternative dispute resolution **thirty (30) days after the Claim Construction Ruling**.

5.  All dispositive motions shall be filed no later than **thirty (30) days after the close of expert discovery**.

6.  Patent-Specific Deadlines (Local Patent Rules 3–4)

(i)  Plaintiff shall serve its Disclosure of Asserted Claims and Preliminary Infringement Contentions (Patent Rule 3-1) no later than **August 13, 2026**.

(ii)  Plaintiff shall produce or make available the documents required by Local Patent Rule 3-2 with its Disclosure of Asserted Claims and Preliminary Infringement Contentions.

(iii) Defendant shall serve its Preliminary Invalidity Contentions no later than **October 1, 2026**.

(iv) Defendant shall produce or make available the documents required by Local Patent Rule 3-4 with its Preliminary Invalidity Contentions.

(v)  Plaintiff may amend its Disclosure of Asserted Claims and Preliminary Infringement Contentions no later than **October 29, 2026**, to the extent permitted by Local Patent Rule 3-1(b).

(vi) The parties shall simultaneously exchange Proposed Terms and Claim Elements for Construction no later than **November 6, 2026**.

(vii)  The parties shall meet and confer no later than **November 13, 2026**, for the purpose of narrowing the claim terms to be construed, narrowing or resolving differences, and facilitating preparation of the Joint Claim Construction Chart and Joint Prehearing Statement.

(viii) The parties shall simultaneously exchange Preliminary Claim Constructions and identify extrinsic evidence no later than **December 3, 2026**.

(ix) The parties shall meet and confer no later than **December 10, 2026**, to discuss the claim elements identified for claim construction and prepare the Joint Claim Construction Chart and Joint Prehearing Statement.

(x)  The parties shall complete and file the Joint Claim Construction Chart and Joint Prehearing Statement no later than **December 31, 2026**.

(xi) The parties shall complete all discovery relating to claim construction no later than **January 28, 2027**.

(xii) Each party shall serve and file a motion for claim construction, memorandum in support, and any supporting evidence no later than **February 18, 2027**.

(xiii) party shall serve and file its responsive memorandum and supporting evidence no later than **March 4, 2027**.

(xiv) Plaintiff may serve Final Infringement Contentions no later than **28 days** after the Court files its Claim Construction Ruling, to the extent permitted by Local Patent Rule 3-6(a).

(xv) Defendant may serve Final Invalidity Contentions no later than **49 days** after the Court files its Claim Construction Ruling, to the extent permitted by

Local Patent Rule 3-6(b).

(xvi) Any Alleged Infringer that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall comply with Local Patent Rule 3-8 no later than **49 days after the Court files its Claim Construction Ruling**.

Dated this 28th day of July, 2026.

_____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE